**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO SANTANA-QUINTERO, | No. 08-74678 |
| Petitioner, | Agency No. A039-717-782 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Francisco Santana-Quintero, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen and reconsider on the basis of ineffective assistance of counsel.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reconsider and reopen, and review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Santana-Quintero's motion to reopen and reconsider because Santana-Quintero failed to establish that the alleged ineffective assistance of his former attorneys may have affected the outcome of his proceedings. *See id.* at 793-94 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice); *Mielewczyk v. Holder*, 575 F.3d 992, 995-98 (9th Cir. 2009) (a conviction for violating California Health & Safety Code § 11352 constitutes a removable controlled substance offense where the record of conviction establishes that the offense involved cocaine).

We lack jurisdiction to review Santana-Quintero's contention that he qualifies for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because he failed to exhaust this claim in his motion to reopen and reconsider. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**